IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CERTAIN UNDERWRITERS AT LLOYD'S**
**LONDON and GLENN MACHINE WORKS, INC.**                      **PLAINTIFFS**

**VS.**                                            **CIVIL ACTION NO. 3:05CV689BA**

**COASTAL BUILDERS, INC.**                                      **DEFENDANT**

**FIREMANS FUND INSURANCE COMPANY**                             **INTERVENOR**

### ORDER

This matter came before the court on the Motion of Coastal Builders, Inc. To Compel Production of Documents from Plaintiff.  The Motion does not comply with Unif. Local R. 37.1(B), which requires that each discovery request at issue be set out separately, with an argument related to each.  Thus, the court has no way to determine whether the documents sought are relevant to any discovery request, other than to pore over the discovery requests attached, which it declines to do.

In response, Lloyd's does not argue that the documents are not relevant, but that it has redacted or retained certain documents, which have been presented to the court for *in camera* review, on grounds that they "represent work-product information prepared, gathered, and/or obtained in anticipation of litigation and/or information that represents the mental impressions of Plaintiff and its employees, and/or agents and thus not discoverable under Federal Rule of Civil Procedure 26(b)(3)."  This is the entirety of its argument, except that it has attached an Affidavit from an adjuster for Lloyd's that states that Lloyd's "decided to pursue subrogation for the loss that is the subject of this matter against Coastal Builders, Inc., from the date of loss, which was July 9, 2005."

Presumably, Lloyd's is arguing that July 9, 2005, the date on which it "decided to pursue subrogation," is the date from which all subsequent documents become work product. However, the burden of establishing a privilege lies on the party asserting it. *Willy v. Admin. Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005). Here, the documents at issue are communications between persons whose relationship to the litigants has not been established. The court cannot determine whether the claims as to each document is that it is privileged as being work product or attorney/client communication. To the extent that the work product privilege is claimed, documents prepared in the ordinary course of business, such as an investigation into an accident by an insurer, are not privileged. *United States v. El Paso Co.*, 682 F.2d 530, 542 (1982). Lloyd's has made no attempt to distinguish these documents from a routine investigation, and there is nothing in their content to indicate that the writers believed that litigation was imminent, and the bare affidavit of an employee as to the date of the "decision" is inadequate. For all of these reasons, the Motion to Compel will be granted. However, in order to give Lloyd's of London ample time to seek further review from the District Judge, production of the documents in question will not be required until the time for seeking such review has expired.

IT IS, THEREFORE, ORDERED that the Motion of Coastal Builders, Inc. To Compel Production of Documents from Plaintiff is hereby **granted**. The documents in question will be produced on or before February 9, 2007.

IT IS SO ORDERED, this the 23rd day of January, 2007.

S/Linda R. Anderson<br>
UNITED STATES MAGISTRATE JUDGE