IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CERTAIN UNDERWRITERS AT LLOYDS', LONDON**                              **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:05-cv-689-WHB-LRA**

**COASTAL BUILDERS, INC.**                              **DEFENDANT**

<u>CONSOLIDATED WITH</u>

**GLENN MACHINE WORKS**                              **PLAINTIFF/COUNTER DEFENDANT**

**VS.**                              **CIVIL ACTION NO. 3:06-cv-92**

**COASTAL BUILDERS, INC.**                              **DEFENDANT/COUNTER PLAINTIFF**

<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion of Coastal Builders, Inc., for Summary Judgment. The Court has considered the Motion, Responses, Rebuttal, Surrebuttal, as well as supporting and opposing authorities and finds that the Motion is not well taken and should be denied.

**I. Factual Background and Procedural History**

The record shows that in the Summer of 2005, Coastal Builders, Inc. ("CBI") was involved in a construction project in Biloxi, Mississippi, which is located on the Mississippi Gulf Coast. As

part of the project, CBI leased a Manitowec 4100 tower crane ("CBI Crane") from Essex Crane Rental.  On June 8, 2005, in response to a forecast that Hurricane Dennis could make landfall in the general vicinity of the construction project, CBI contracted with Glenn Machine Works ("GMW") to assist in lowering the boom tower of the CBI Crane.  To facilitate the boom-lowering procedure, GMW supplied a Krupp 6300 crane ("GMW Crane"), an operator for the GMW Crane, and a crew consisting of two other individuals, one of whom was to act as the signal man.  The signal man was responsible for providing communication between the GMW Crane and the CBI Crane, which was being operated by Jewel "Buddy" Depriest ("Depriest"), an employee of CBI.

As understood by the Court, the boom-lowering procedure was to be conducted in stages.  First, the operator of the CBI Crane was to lower the boom of that crane until the tower angle measured approximately seventy degrees.  Second, upon reaching the seventy degree angle, the GMW Crane was to "hook onto" the CBI Crane.  Third, the operator of the CBI Crane was to then lower the boom of that crane until the tower angle was below fifty degrees.  Fourth, upon reaching the fifty degree angle, the GMW Crane was to take over the operation and finish lowering the boom of the CBI Crane.  The record shows that Depriest lowered the boom of the CBI Crane to the seventy degree angle at which point the GMW Crane "hooked onto" the CBI Crane.  Depriest then lowered the boom of the CBI Crane to

the fifty degree angle.  Although the parties dispute whether the GMW Crane took over operations at that point, it is undisputed that both cranes thereafter toppled over causing significant damage to the cranes and other equipment in the vicinity.

On November 16, 2005, Plaintiff Certain Underwriters at Lloyd's, London ("Lloyd's"), invoking its surety interest in the GMW Crane, filed a lawsuit in this Court alleging a claim of negligence against CBI.  The case was docketed as Civil Action No. 3:05-cv-689-WHB-LRA.  As Llyod's is a corporate citizen of the State of New York, CBI is a corporate citizen of the State of Alabama, and the Complaint seeks damages in excess of $586,719.01, the Court may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

On February 13, 2006, Plaintiff GMW filed a lawsuit in this Court, also alleging a claim of negligence against CBI, seeking to recover the cost of the GMW Crane, a Dorsey flatbed trailer, and a Peterbilt eighteen wheeler that were damaged or destroyed in the subject accident.  The case was docketed as Civil Action No. 3:06-cv-96-TSL-JCS.  On March 31, 2006, in addition to answering the Complaint, CBI filed a counter-claim alleging negligence against GMW.  Through the counter-claim, CBI seeks to recover the costs of the CBI Crane and other CBI property that was damaged as a result of the subject accident as well as costs associated with construction delays and clearing the construction site.  As GMW is

a corporate citizen of the State of Mississippi, CBI is a corporate citizen of the State of Alabama, and both parties seek greater than $75,000 through the Complaint and Counter-claim, respectively, the Court may properly exercise subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.  On July 28, 2006, Fireman's Fund Insurance Company, as suretor for CBI, filed a Complaint in Intervention seeking to recover from GMW the sum it had paid to CBI under a policy of insurance it had issued.  On August 4, 2006, the Court granted the Motion of CBI to Consolidate the two cases and, in accordance with the policies of this Court, the cases were consolidated into the case bearing the lower civil action number.

CBI now moves for summary judgment in this case.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary

5

judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Legal Analysis

In the case *sub judice*, GMW and Lloyd's cite to multiple acts or omissions on the part of CBI/Depriest that they claim proximately caused the subject crane accident including that Depriest: (1) only blocked the back crawler rollers of the CBI Crane, (2) did not ensure that the gantry was pinned in the fully raised position, (3) failed to refer to the service manual or checklist for the CBI Crane before beginning the boom-lowering procedure, (4) operated the CBI Crane even though the hold back assembly had not been installed, and (5) failed to check the capacity chart of the CBI Crane before beginning the boom-lowering procedure. <u>See</u> Mem. in Supp. of Resp. of GMW to Mot. for Summ J., 16-17 (citations to exhibits omitted); Mem. in Supp. of Resp. of Lloyd's to Mot. for Summ J., 17 (citations to exhibits omitted). Similarly, CBI cites to multiple acts or omissions on the part of GMW that it claims proximately caused the subject accident including that GMW: (1) did not independently confirm the weight of the maximum load the GMW Crane would be handling during the boom-lowering procedure, (2) did not apply additional counterweights to

the GMW Crane, and (3) did not take appropriate corrective actions after it discovered that the load on the GMW Crane exceeded that which was anticipated. <u>See</u> Mem. in Supp. of Mot. for Summ. J., 3-4 (citations to exhibits omitted).

In moving for summary judgment, CBI argues that notwithstanding Depriest's purported acts of negligence, it cannot be held liable for the subject accident. In support of this argument, CBI first cites to standards promulgated by the Occupational Safety and Health Administration ("OSHA") and the American National Standards Institute ("ANSI"), which include, in relevant part:

> 5-3.1.3 Conduct of Operators ...
>
> (d) Each operator shall be held responsible for those operations under the operator's direct control...
>
> 5-3.2.1 Handling the Load ...
> When loads which are not accurately known are to be lifted, the person responsible for the job shall ascertain that the weight of the load does not exceed the crane ratings at the radius at which the load is to be lifted ...

CBI argues that under the OSHA/ANSI Standards, the GMW Crane was in "direct control" of the boom-lowering operation as soon as the boom of the CBI Crane was lowered to a fifty degree angle. The argument continues that as GMW was in "direct control," CBI cannot be held liable for the accident in accordance with the OSHA/ANSI standards.

It is well settled that under Mississippi law, "OSHA regulations are not admissible to show negligence on the part of

7

[a] defendant." Accu-Fab & Const., Inc. v. Ladner, 778 So. 2d 766, 771 (Miss. 2001), *overruled on other grounds by*, Mack Truck, Inc. v. Tacket, 841 So. 2d 1107 (Miss. 2003); Sumrall v. Mississippi Power Co., 693 So. 2d 359, 367 (Miss. 1997). Such regulations are, however, admissible to show the reasonableness of a defendant's actions or whether those actions were consistent with industry standards. Accu-Fab & Const., 778 So. 2d at 771. Thus, while CBI may introduce the relevant OSHA/ANSI regulations to show whether the actions of GMW were reasonable, the regulations cannot be used to establish liability on the part of GMW under Mississippi law. Accordingly, the Court finds that CBI is not entitled to summary judgment based on the OSHA/ANSI regulations at issue.

Next, CBI moves for summary judgment arguing that GMW had a duty to determine the correct maximum weight of any potential load, and implement appropriate measures to insure that it could safely handle that weight. In support of this argument, CBI relies on Smith v. Noble Drilling, Inc., 784 So. 2d 1003, 1004 (Miss. Ct. App. 2003) for the proposition that "[w]here the owner surrenders to the contractor all control over the performance of that aspect of the work that gives rise to the injury, there is no liability." (alterations in original)(citations omitted). The Court finds, based on the evidence before it, that there is a genuine issue of material fact with regard to whether the purported negligent acts of GMW, CBI, or a combination thereof "gave rise" to the subject

crane accident and resulting damages.  Additionally, there exists a genuine issue of material fact regarding whether GMW had assumed complete control over the boom-lowering procedure at the time the subject accident occurred.  Accordingly, the Court finds that CBI is not entitled to summary judgment on the negligence claim.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Coastal Builders, Inc. for Summary Judgment [Docket No. 124] is hereby denied.

SO ORDERED this the 7th day of September, 2007.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE