IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CERTAIN UNDERWRITERS AT LLOYDS', LONDON**                    **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO. 3:05-cv-689-WHB-LRA**

**COASTAL BUILDERS, INC.**                                      **DEFENDANT**

<u>CONSOLIDATED WITH</u>

**GLENN MACHINE WORKS**                         **PLAINTIFF/COUNTER DEFENDANT**

**VS.**                                 **CIVIL ACTION NO. 3:06-cv-92**

**COASTAL BUILDERS, INC.**                       **DEFENDANT/COUNTER PLAINTIFF**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on three Motions in Limine filed by the parties. The Court has considered the Motions, Responses, Rebuttals, attachments to the pleadings, as well as supporting and opposing authorities and finds:

The Motion in Limine of Plaintiff Glenn Machine Works, Inc., to Exclude Reference to Payment of Insurance Proceeds is well taken and should be granted.

The Motion in Limine of Defendant Costal Builders, Inc., to Strike Expert Testimony Regarding OSHA/ANSI Standards is not well taken and should be denied.

The Motion in Limine of Defendant Costal Builders, Inc., to Strike, or in the Alternative, to Limit Damages should be granted in part, and denied in part.

# I. Discussion

### A. Motion in Limine of Plaintiff Glenn Machine Works, Inc., to Exclude Reference to Payment of Insurance Proceeds

Through the first Motion in Limine, Plaintiff Glenn Machine Works, Inc. ("GMW") seeks to exclude as evidence any reference to the insurance payments it received as a result of the crane accident underlying this lawsuit, by invoking the collateral source rule. Defendant Coastal Builders, Inc. ("CBI") does not object to this Motion "so long as the Court precludes any party from double recovery." See Resp. to Mot. in Limine [Docket No. 203], at ¶ 4.

Under the collateral source rule followed in Mississippi, "[c]ompensation or indemnity for the loss received by a plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the defendant in mitigation or reduction of damages...." Busick v. St. John, 856 So. 2d 304, 309 (Miss. 2003) (quoting Coker v. Five-Two Taxi Serv., 52 So. 2d 356, 357 (Miss. 1951)) (alterations in original). In accordance with this rule, the Court finds that evidence that GMW received compensation for its losses in the form of insurance payments cannot be admitted into evidence in an attempt to reduce damages. Accordingly, the Court finds that this Motion in Limine should be granted.

The record shows that the subrogation claim of Lloyd's of London, the insurance carrier for GMW, against CBI has been settled and, therefore, damages related to that subrogation interest cannot

be recovered at trial.  To avoid confusion and prejudice, if the jury finds CBI at fault, the jury will then be instructed to determine the full cash value of the subject crane.  The Court will then, post-trial, deduct the amount of insurance paid by Lloyd's of London from the amount of damages, if any, awarded to GMW by the jury for the loss of its crane.

**B.    Motion in Limine of Defendant Costal Builders, Inc., to Strike Expert Testimony Regarding ANSI Standards**

Through the second Motion in Limine, CBI seeks to exclude from evidence the opinions of the experts designated by GMW that are based on OSHA or ANSI Standards arguing they lack foundation.  As understood by the Court, CBI contends that as it had surrendered complete control over the boom-lowering procedure to GMW at the time the accident occurred, the OSHA/ANSI Standards cited by the experts of GMW do not apply to it and, therefore, cannot be used to show negligence.

The Court previously considered the admissibility of OSHA/ANSI Standards under Mississippi law in the Opinion and Order by which the Motion of CBI for Summary Judgment was denied.  See Opinion and Order [Docket No. 211].  In that Opinion and Order, the Court found that OSHA/ANSI Standards, while they are not admissible to show negligence on the part of a defendant, may be admitted to show the reasonableness of a defendant's actions, or whether those actions were consistent with industry standards.  Id. at 7-8.  The Court

3

additionally found that there existed a genuine issue of material fact regarding whether GMW had assumed complete control over the boom-lowering procedure at the time the subject accident occurred. Id. at 9.

The Court finds that as evidence pertaining to OSHA/ANSI Standards is admissible under Mississippi law on the issues identified above, and as there is a fact question regarding whether CBI, GMW, or a combination of the two had control of the boom-lowering procedure when the accident occurred, the Motion in Limine to strike the opinions of the experts designated by GMW should be denied.

**C.    Motion in Limine of Defendant Costal Builders, Inc., to Strike, or in the Alternative, to Limit Damages**

Through the third Motion in Limine, CBI seeks to strike or, alternatively, to limit the damages GMW may recover in this lawsuit.

**1.  300 Ton Krupp Hydraulic Crane**

GMW claims the following damages arising from the destruction of its 300 Ton Krupp Hydraulic Crane ("GMW Crane"):

| | |
|---|---:|
| Market Value of GMW Crane | $925,000.00 |
| Insurance Coverage Deductible | 35,000.00 |
| Monthly Payments on GMW Crane | 41,096.82 |
| Monthly Insurance on GMW Crane | 1,665.00 |
| Loss of Use/GMW Crane | 223,260.00 |

```
Difference between GMW Crane and Replacement Crane      475,000.00
Expenses Related to Replacement of GMW Crane             15,188.11
Cost of Hauling Counterweights for Replacement Crane     70,142.28
Operator Training on Replacement Crane                    1,979,21
```

First, GMW seeks to recover the market value of the GMW Crane, which it values at $925,000. Under Mississippi law, in cases in which "property is totally destroyed and rendered absolutely valueless" in an accident, damages are measured as "the value of the property at the time of such destruction." Thomas v. Global Boat Builders & Repairmen Inc., 482 So. 2d 1112, 1115 (Miss. 1986). Thus, under Mississippi law, GMW would be entitled to recover the market value of the GMW Crane at the time it was destroyed provided it presents sufficient evidence as to that value at trial.

CBI argues that GMW should be precluded from recovering the $925,000 it claims in damages to the GMW Crane because it did not timely designate an expert to provide testimony regarding the market value of that Crane.[1] GMW counters that it was not required to designate an expert on this issue under the "general principle ... that an owner of property is qualified by his ownership alone to testify as to its value." United States v. 329.73 Acres of Land, 666 F.2d 281, 284 (5th Cir. 1982). Additionally, such

---

[1] In its Motion in Limine, CBI requests that the amount of recoverable damages from the destruction of the GMW Crane be capped at $706,250, which is the amount specified in a "Sworn Statement in Proof of Loss" that was submitted by GMW to its insurer Lloyd's of London.

5

testimony may be admitted even if it "is based in part or solely upon hearsay sources." LaCombe v. A-T-O, Inc., 679 F.2d 431, 435 n.5 (5th Cir. 1982).

Under Fifth Circuit precedent, "the testimony of an owner as to the value of his property is admitted under the Federal Rules of Evidence under FED. R. EVID. 702." LaCombe, 679 F.2d at 434 n.4. As the testimony of an owner regarding the value of property is considered Rule 702 testimony, the Court finds that an owner providing such testimony must be identified as an expert witness under Rule 26(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), which provides, in relevant part: "[A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules **702**, 703, or 705 of the Federal Rules of Evidence." (emphasis added). If the identity of an expert is not disclosed in accordance with Rule 26(a) of the FRCP, the Court may exclude his or her testimony at trial. See FED. R. CIV. P. 37 (c)(1) (providing: "A party that without substantial justification fails to disclose information required by Rule 26(a) ... or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.").

It appears that GMW did not timely designated any of its owners as experts on the issue of market value in this case.[2] To determine whether to exclude an expert who is not properly designated under the FRCP, the Court must consider the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." See Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir. 2004) (citing Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)). As these factors have not been briefed by the parties, the Court finds it cannot presently determine whether an owner of GMW should be permitted to testify regarding market value despite the untimely designation. Accordingly, the Court will hold the Motion in Limine regarding recovery of the market value of the GMW Crane in abeyance pending additional briefing on the Hamburger factors.

Second, GMW seeks to recover its insurance coverage deductible of $35,000.00. The Court finds that permitting GMW to recover both the deductible it paid and the market value of the GMW Crane would amount to a double recovery. Accordingly, the Court finds that

---

[2] In its Motion in Limine, CBI seeks to strike Howard Bristow's testimony regarding the market value of the GMW Crane on the basis that he was not designated as an expert in the time period prescribed by the Case Management Order. The Court, however, was not provided any information as to whether Bristow is an owner of GMW, or whether he was specifically retained by GMW to give expert testimony on this issue.

the Motion in Limine to strike damages relating to the insurance deductible paid by GMW should be granted.

Third, GMW seeks to recover the monthly crane payments (totaling $41,096.82) and the monthly insurance payments (totaling $1,665.00) it made on the GMW Crane, after the GMW Crane was destroyed.  Under Mississippi law, to recover on a claim of negligence, a plaintiff must establish four elements: duty, breach of duty, proximate causation, and damages.  See e.g. K-Mart Corp. v. Hardy, 735 So. 2d 975, 981 (Miss. 1999).  Thus, "[f]or a particular damage to be recoverable in a negligence action, the plaintiff must show that the damage was proximately caused by the negligence.  In order for an act of negligence to proximately cause the damage, the fact finder must find that the negligence was both the cause in fact and legal cause of the damage."  Glover v. Jackson State Univ., 2005-CA-02328, 2007 WL 2325291, at *6 (Miss. Aug. 16, 2007).

The Court finds that the subject crane accident did not proximately cause the monthly crane payments and the monthly insurance payments as GMW would have been required to make these payments even if the subject accident had not occurred. Accordingly, the Court finds that the Motion in Limine to strike damages relating to the monthly crane payments and the monthly insurance payments should be granted.

8

Fourth, GMW seeks to recover $223,260.00 for the loss of use of the GMW Crane. The Court was not cited to any cases in which the Mississippi appellate courts have allowed the recovery of loss of use/lost profit damages when the plaintiff's property has been completely destroyed, although such recovery is permitted in cases in which a commercial vehicle is damaged but repairable. See e.g. National Dairy Prods. Corp. v. H.G. Jumper, 130 So. 2d 922 (Miss. 1961). By way of an Erie guess, the Court finds that the Mississippi appellate courts would likely authorize the recovery of loss of use/lost profit damages, for a reasonable period of time, after a commercial vehicle is destroyed. In other words, the Court finds that since Mississippi permits recovery of loss of use/lost profit damages when a commercial vehicle that has been damaged is under repair, there is no basis for concluding that it would not also permit such recovery for a reasonable period of time after a commercial vehicle is destroyed to allow for the replacement of that vehicle. The reasonable time period, of course, would be a question for the jury.

As to the measure of loss of use/lost profit damages, by way of a second Erie guess, the Court finds that the Mississippi appellate courts would apply the same standard in destroyed property cases as is applied in damaged but repairable cases. Under this standard, damages for loss of use would be limited to the cost of renting another vehicle for a reasonable period of time

9

after a commercial vehicle is destroyed regardless of whether a rental vehicle is actually procured. Jumper, 130 So. 2d at 923. If a substitute commercial vehicle cannot be rented in the area "reasonably related to [the plaintiff's] business", the plaintiff may recover lost profits provided "the evidence is of sufficient probative value to adequately and clearly measure such loss." Id. Lost profits, however, cannot be recovered "in the absence of a showing that no other vehicle could be rented or that the rental value could not be determined." Id.

In the case *sub judice*, it is clear that GMW could have rented a substitute crane. See Resp. to Mot. in Limine [Docket No. 205], Ex. C (Rental Quote). Accordingly, the Court finds that GMW may recover loss of use damages in the amount of the cost of renting a substitute crane for a reasonable period of time after the GMW Crane was destroyed, but is not entitled to recover lost profits. Accordingly, the Court finds that the Motion in Limine to strike damages relating to the loss of use of the GMW Crane should be denied, and the Motion to Limine to strike damages relating to lost profits should be granted.

Finally, GMW seeks to recover damages based on costs it incurred in replacing the destroyed GMW Crane with a Leibherr 1300/1 Crane ("Replacement Crane"). These costs include the difference between GMW Crane and Replacement Crane ($475,000.00), expenses related to purchasing the Replacement Crane ($15,188.11),

10

the cost of hauling counterweights for the Replacement Crane ($70,142.28), and cost of training operators to run the Replacement Crane ($1,979,21).  CBI objects to these damages on the grounds that replacement value is not recoverable under Mississippi law.

GMW has not cited to any Mississippi cases in which a plaintiff has been allowed to recover the replacement cost of damaged property.  Indeed, it has long been settled in this State that in computing damages "a person is to be made whole, or complete satisfaction is to be made, or he is to recover the value of the property destroyed; it is never contemplated that the injured party should realize a profit from the damages sustained." Mississippi Power Co. v. Harrison, 152 So. 2d 892, 903 (Miss. 1963).  The pronouncement of the Mississippi Supreme Court in Harrison was based, in part, on the following authorities:

> A person whose property is taken, damaged or destroyed by the negligent or wrongful act of the omission of another is entitled to compensation from such other person for the damage sustained.  He is entitled to such a sum as will restore him as near as possible to his former position and may, therefore, recover the actual loss sustained.  He may not, however, make any profit out of his injury, and his recovery is limited to compensation for the damages naturally and necessarily resulting from the injury alleged, except where the circumstances authorize a recovery for exemplary damages.

Id. at 903 (quoting 15 Am. Jur., Damages, sec. 106).

> Anyone whose property is damaged, destroyed or taken away by the negligence or wrong of others is entitled to recover damages from the wrongdoer in a sum sufficient to compensate him for the loss and restore him, in effect, to his former situation.  The recovery must be in proportion to the kind or amount of interest which the

11

>  injured party had in the property.  Compensation is the
>  basic right of damages, in property damage cases.

Id. at 903 (quoting Oleck, Damages to Persons and Property, sec. 200, Property Damage in General).

The Court finds that restoring GMW to its "former situation" would see it in possession of a 300 Ton Krupp Hydraulic Crane in the same condition as the GMW Crane at the time it was destroyed, or the monetary equivalent thereof.  Restoring GMW to its "former situation" would not see it in possession of a crane of a different make and model, with a market value of $475,000 greater than its previously owned property, and which required the transportation of counterweights and operator training.  As GMW is not entitled to replacement costs under Mississippi law, the Court finds that it may not recover damages in the form of the difference between GMW Crane and Replacement Crane, expenses related to purchasing the Replacement Crane, the cost of hauling counterweights for the Replacement Crane, or cost of training operators to run the Replacement Crane, and that the Motion in Limine to strike damages relating to these replacement costs should be granted.

## 2. **Peterbilt Tractor**

GMW claims the following damages arising from the damage to its Peterbilt tractor:

| | |
|---|---:|
| Peterbilt Tractor Repair | $13,000.00 |
| Loss of Use/Peterbilt Tractor | $20,000.00 |

> Under Mississippi law:
>
>> When a commercial vehicle which has been injured may be repaired, if the repairs will substantially restore it to its former condition, the cost of such repairs will ordinarily furnish an element of damages. If in addition to the physical injury the owner has lost the vehicle's use for a period of time, as during the process of repair, he is entitled to the value of the use of the property during this period. The weight of authority is that, except in special circumstances, loss of profits cannot be considered as a measure of such damages. Such an element usually contains considerable speculation and conjecture. A more precise and easily defined measure for loss of use of a commercial vehicle is the rental or usable value of the property during the period the owner has been deprived of it. This is the generally recognized criterion. Damages for loss of use should be measured by the cost of hiring another vehicle while the repairs are being made. The rental value of a replacement vehicle may be recovered, even though no other was actually procured during the interval.
>
> Jumper, 130 So. 2d at 923. On the issue of repairs:
>
>> When a plaintiff relies upon the costs of automotive repairs as the measure of damages, the plaintiff must prove that the costs of repairs were reasonable and that the repairs were necessary due to the alleged wrongful act. Sims v. Collins, 762 So. 2d 785, 790 (Miss. Ct. App. 2000) (citations omitted). Repair bills alone are insufficient to prove either reasonableness or necessity. Id. Only an expert may express an opinion as to the cost of repairs. See Id. at 791 (owner was not a mechanic and failed to qualify as an expert; thus, owner was unqualified to express his opinion on the repairs); see also Bryan Bros. Packing Co. v. Grubbs, 168 So. 2d 289, 292-93 (Miss. 1964) (neither plaintiff nor patrolman qualified as mechanics with knowledge of cost of labor and materials in repairing automobiles, and, therefore, trial court erred in allowing them to testify as to the necessity or reasonableness of repairs and amount of damage suffered by a vehicle, respectively).
>
> Great West Cas. Co. v. United States, Civil Action No. 3:05-cv-95, 2006 WL 1778911, at * 3 (N.D. Miss. Jun. 26, 2006) (alterations in

13

original).[3]  As GMW has not designated an expert witness to establish that the repairs to the Peterbilt tractor were either reasonable or necessary, the Court finds that it may not recover these costs as damages at trial, and that the Motion in Limine to strike damages relating to repairs made to the Peterbilt tractor should be granted.

On the issue of loss of use, GMW is entitled to the "rental or usable value" of the Peterbilt tractor during the period it was under repair.  GMW, of course, will have the burden of proving the "reasonable rental value of a similar vehicle" as the Mississippi Supreme Court has found that such is the "measure of damages which has the virtue of certainty and fairness." Pelican Trucking Co. v. Rossetti, 170 So. 2d 573, 574 (Miss. 1965).  Accordingly, the Court finds that the Motion in Limine to strike damages relating to the loss of use of the Peterbilt tractor should be denied.

---

[3] In Sims, the Mississippi Court of Appeals found:
> It is well established and pronounced in our jurisprudence that where costs of repairs are relied upon as the measure of damages, the proof must establish 1) that the repairs were necessary as the result of the wrongful act, and 2) that the cost was reasonable. National Fire Ins. Co. of Hartford v. Slayden, 85 So. 2d 916, 918 (1956).  The court in National Fire stated that repair bills alone are insufficient to establish the necessity and reasonableness of the repairs. Id.  The court further stated that the proof could be best established by a mechanic; however, the court did not specifically hold that such proof could only be made by a mechanic. Id.

Sims v. Collins, 762 So. 2d at 790. (alterations in original).

**3.  Dorsey Trailer**

GMW claims the following damages arising from the destruction of its Dorsey trailer:

Dorsey trailer/Total Loss                                              $8,000.00

As discussed, supra, at 5, under Mississippi law, GMW is entitled to recover the market value of the Dorsey trailer at the time it was destroyed, provided it presents sufficient evidence as to that value at trial.  CBI again argues that these damages are not recoverable because GMW has not designated an expert witness on the issue of the market value of the Dorsey trailer at the time it was destroyed.  As above, the Court will hold the Motion in Limine regarding recovery of the market value of the Dorsey trailer in abeyance pending additional briefing on whether testimony of the GMW owners on the issue of valuation should be permitted despite the untimely designation.

**4.  Miscellaneous Damages**

Operator Downtime                                                      $9,000.00

GMW seeks $9,000.00 in downtime that, as understood by the Court, represents the sum that was paid to employees during the period the GMW crane and other equipment was being repaired or replaced.  The Mississippi Supreme Court has held that a plaintiff "is not entitled to any compensation for costs incurred by idle trucks and drivers." <u>Watson Oil Corp v. Cavanaugh</u>, 294 So. 2d 784,

786 (Miss. 1974) (citations omitted). Accordingly, the Court finds that the Motion in Limine to strike damages relating to operator downtime should be granted.

Attorneys' Fees

GMW seeks to recover the attorneys' fees it has incurred in this case. Under Mississippi law, "attorney's fees may be awarded in two circumstances: (1) where the contract or a statute provides for attorney's fees or (2) where the losing party's conduct was outrageous enough to warrant punitive damages." Sports Page Inc. v. Punzo, 900 So. 2d 1193, 1203 (Miss. Ct. App. 2004) (citations omitted). As GMW has not presented a contract or cited a statute under which it would be entitled to recover attorneys' fees, and as there is no claim for punitive damages in this case, the Court finds that GMW is not entitled to recover attorneys' fees.

**II.  Conclusion**

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion in Limine of Plaintiff Glenn Machine Works, Inc., to Exclude Reference to Payment of Insurance Proceeds [Docket No. 197] is hereby granted.

IT IS FURTHER ORDERED that the Motion in Limine of Defendant Costal Builders, Inc., to Strike Expert Testimony Regarding OSHA/ANSI Standards [Docket No. 131] is hereby denied.

IT IS FURTHER ORDERED that the Motion in Limine of Defendant Costal Builders, Inc., to Strike, or in the Alternative, to Limit Damages [Docket No. 190] is hereby granted in part, and denied in part.

The Motion in Limine is granted to the extent it seeks to exclude damages in the form of: insurance coverage deductible, monthly payments on GMW Crane, monthly insurance on GMW Crane, lost profits associated with the destruction of the GMW Crane, the difference between GMW Crane and Replacement Crane, expenses related to replacement of GMW Crane, cost of hauling counterweights for Replacement Crane, operator training on Replacement Crane, repairs to the Peterbilt tractor, operator downtime, and attorneys' fees.

The Motion in Limine is denied to the extent it seeks to exclude damages in the form of: loss of use of the GMW Crane, and loss of use of the Peterbilt tractor.

The Motion in Limine is held in abeyance regarding recovery of the market value of the GMW Crane and market value of the Dorsey trailer pending briefing on the issue of whether expert testimony should be permitted despite the untimely designation by GMW of an expert in the area of valuation.

IT IS FURTHER ORDERED that both GMW and CBI are required to submit briefs, if they so desire, on the issue of whether untimely designated expert testimony should be permitted under the Hamburger

factors on or before October 2, 2007.  Each may file a response brief on or before October 8, 2007.

    SO ORDERED this the 25th day of September, 2007.


                                              s/ William H. Barbour, Jr.
                                              UNITED STATES DISTRICT JUDGE