IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CERTAIN UNDERWRITERS AT LLOYDS', LONDON**                               **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:05-cv-689-WHB-LRA**

**COASTAL BUILDERS, INC.**                                                **DEFENDANT**

CONSOLIDATED WITH

**GLENN MACHINE WORKS**                           **PLAINTIFF/COUNTER DEFENDANT**

**VS.**                                          **CIVIL ACTION NO. 3:06-cv-92**

**COASTAL BUILDERS, INC.**                       **DEFENDANT/COUNTER PLAINTIFF**

OPINION AND ORDER

This cause is before the Court on two Motions in Limine filed by Defendant, Costal Builders, Inc. The Court has considered the Motions, Responses, Rebuttals, attachments to the pleadings, as well as supporting and opposing authorities and finds:

The Second Motion in Limine of Defendant Costal Builders, Inc., to Strike Certain Expert Testimony Offered by Plaintiff should be denied.

The Second Motion in Limine of Defendant Costal Builders, Inc., to Strike the Expert Testimony of James Pritchett should be denied as moot.

## I.  Discussion

**A.  Second Motion in Limine of Defendant Costal Builders, Inc., to Strike Certain Expert Testimony Offered by Plaintiff**

Through the Second Motion in Limine of Defendant Coastal Builders, Inc. ("CBI"), CBI seeks to strike the testimony of Steven Metzger ("Metzger") on the issue of causation.  Through a prior Order, the Motion in Limine of Plaintiff Glenn Machine Works, Inc. ("GMW") to strike Metzger's causation-related testimony was granted as confessed.  Accordingly, the Court finds that this Motion in Limine, to the extent it seeks to strike the testimony of Metzger on the issue of causation, is moot.

Through the subject Motion in Limine, CBI also seeks to strike the expert testimony of Bobby Cooper ("Cooper") on the grounds that the calculations underlying his opinions were not produced in discovery and were not substantiated during his deposition.  The Court finds that the issues raised by CBI surrounding Cooper's calculations relate to the credibility of his testimony, not its admissibility.  Accordingly, the Court finds that this Motion in Limine, to the extent it seeks to strike the testimony of Cooper, should be denied.

**B.  Second Motion in Limine of Defendant Costal Builders, Inc., to Strike the Expert Testimony of James Pritchett**

Defendant CBI seeks to strike the expert testimony of James Pritchett ("Pritchett") on the issue of causation.  In its Response

to this Motion, GMW informed the Court that it does not intend to call Pritchett as a witness as trial.  Accordingly, the Court finds that this Motion in Limine is moot.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Second Motion in Limine of Defendant Costal Builders, Inc., to Strike Certain Expert Testimony Offered by Plaintiff [Docket No. 156] is hereby denied.

IT IS FURTHER ORDERED that the Second Motion in Limine of Defendant Costal Builders, Inc., to Strike the Expert Testimony of James Pritchett [Docket No. 193] is hereby denied as moot.

SO ORDERED this the 25th day of September, 2007.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE